IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CASE NO.: 7:07-CV-00460

(TURK)

| | |
|---|---|
| Amina Al-Habasha, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Roanoke City Schools, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

## COMPLAINT
### (JURY TRIAL REQUESTED)

Plaintiff Amina Al-Habashy ("Al-Habashy" of "Plaintiff"), through undersigned counsel, coming before this Honorable Court, through undersigned counsel, allege the following:

### FACTUAL ALLEGATIONS

1. Plaintiff was at all relevant times a resident of Roanoke County, Virginia.

2. Upon information and belief, Defendant Roanoke City Schools ("Defendant") is organized and existing pursuant to the laws of the State of Virginia, and owns property and does business in the County of <u>Virginia</u> in the State of Virginia. Upon information and belief Defendant is a resident and citizen of the same.

3. Plaintiff applied for a "Transition Specialist" position with Defendant in August 2004. At the time she applied, her last name was Al-Hindi, but her last name has since changed. Plaitiff was born in 1957 and her race is black.

4. Plaintiff interviewed with Principal Hallie Carr. Defendant refused to hire Plaintiff. Defendant hired someone who was younger and was white.

5. Plaintiff was qualified for the position and was better qualified than the person who was hired who Defendant hired. Some of Defendant's agents told Plaintiff she was qualified for the position. They also made comments to Plaintiff to the effect that the other person was selected over Plaintiff because she was younger.

6. Under the circumstances, including but not limited to that: Plaintiff was qualified for the position, was told by Defendant's agents she was qualified, was better qualified than the person selected, Plaintiff was older and of a different race than the eventual white, hiree, and the presence of age-related comments, the true reasons that Plaintiff was not hired was due to her age and her race.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission. She received her right-to-sue notice and timely filed this lawsuit.

8. Plaintiff has suffered damages as a result of Defendant's discrimination and mistreatment, including lost wages, humiliation, emotional distress, and other damages to be determined by the trier of fact.

## FOR A FIRST CLAIM
### (42 U.S.C. § 1981 Racial Discrimination)

9. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

10. Plaintiff is a non-white individual and is black. Defendant treated Plaintiff worse than non-black job applicants because of her race. The Plaintiff had enforceable contract rights relating to Plaintiff's employment terms and conditions within the

meaning of Section 1981. Defendant's treatment of Plaintiff violated such provisions, terms, and conditions. Defendant refused to hire Plaintiff for a position she was qualified for, and in part, Defendant was motivated by Plaintiff's race.

11. Plaintiff is a member of a protected category, was qualified for the position, suffered adverse employment actions, and Defendant's actions were based on Plaintiff's race.

12. Plaintiff suffered damages as a result of Defendant's conduct. Further, the actions by the Defendant was willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff is entitled to punitive damages, litigation costs and attorneys' fees as a result of the above-intentional conduct.

## FOR A SECOND CLAIM
### (Title VII Racial Discrimination)

13. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

14. Plaintiff is a non-white individual and is black. Defendant treated Plaintiff worse than non-black job applicants because of her race.. Defendant refused to hire Plaintiff for a position she was qualified for, and in part, Defendant was motivated by Plaintiff's race.

15. Plaintiff is a member of a protected category, was qualified for her position, suffered adverse employment actions, and Defendant's actions were based on Plaintiff's race.

16. Plaintiff timely filed a charge of discrimination alleging racial discrimination and filed this action within the appropriate statute of limitations.

17. Plaintiff suffered damages. Further, the actions by the Defendant was willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff is entitled to punitive damages, litigation costs and attorneys' fees as a result of the above-intentional conduct.

## FOR A THIRD CLAIM
### (Age Discrimination Employment Act (ADEA))

18. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

19. Plaintiff is over forty years and is entitled to protection under the ADEA. Defendant treated Plaintiff worse than younger job applicants because of her age. Defendant refused to hire Plaintiff for a position she was qualified for, and in part, Defendant was motivated by Plaintiff's age.

20. Plaintiff is a member of a protected category, was qualified for her position, suffered adverse employment actions, and Defendant's actions were based on Plaintiff's race.

21. Plaintiff timely filed a charge of discrimination alleging age discrimination and filed this action within the appropriate statute of limitations.

22. Plaintiff suffered damages as a result of Defendant's conduct. Further, the actions by the Defendant was willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff is entitled to punitive damages, litigation costs and attorneys' fees as a result of the above-intentional conduct.

WHEREFORE, having stated her claims against Defendant, the Plaintiff is entitled to the following relief: 1) actual and compensatory damages; 2) consequential damages; 3) punitive damages, liquidated damages, and other statutory damages, 4) an order directing Defendant to discontinue its practices; 5) attorney's fees and costs; and 6) a jury trial on all claims; and 7) such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jamie L. M. Habosky/*

This 25th day of September, 2007