CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 12 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AMINA AL-HABASHA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:07CV00460 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROANOKE CITY SCHOOLS, | ) | By: Hon. James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is presently before the court on Defendant Roanoke City School Board's ("RCSB") Motion to Dismiss (Docket No. 12), filed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff Amina Al-Habasha initially brought this action seeking monetary damages and/or other unspecified relief for alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1984, and the Age Discrimination and Employment Act. Following the RCSB's filing of its Motion to Dismiss, the court heard oral argument on December 1, 2008. For the reasons that follow, the court will grant RCSB's Motion to Dismiss.

Al-Habasha, originally proceeding pro se, filed her Complaint on September 24, 2007, alleging both racial and age discrimination during employment consideration. On February 5, 2008, the RCSB filed its first Motion to Dismiss, alleging insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. The RCSB claimed that Al-Habasha failed to serve the RCSB's chief administrative officer, its attorney, or any member of its governing body as required by Rule 4(j) of the Federal Rules of Civil Procedure and Virginia Code § 8.01-300. This court agreed, and after granting Al-Habasha an additional fifteen (15) days to effect service of process, the court dismissed the case without prejudice pursuant to an order entered February 7, 2008.

After retaining legal counsel, Al-Habasha moved this court to reinstate her case on June 5, 2008. The court entered an order to that effect on June 10, 2008, with specific direction for Al-Habasha "to properly serve process on the defendant forthwith." On September 15, 2008, Al-Habasha had yet to serve the RCSB. Thus, the RCSB filed a second Motion to Dismiss (Docket No. 9) for insufficient process and insufficient service of process, citing the ninety-seven (97) days lapse between the court's order to "serve process . . . forthwith" and the date of the Motion.

Before the court issued a ruling on the RCSB's second Motion to Dismiss, Al-Habasha attempted service of process on the RCSB's Executive Director of Human Resources, Billie Kay Wingfield. On October 2, 2008, a process server left a copy of the Complaint with an unnamed receptionist at the RCSB, stating simply "[t]his is for the school" or words to that effect.[1] The RCSB now brings a third Motion to Dismiss, again alleging insufficient process and insufficient service of process. As of the date of the Motion's filing, October 22, 2008, over one year (378 days) had passed since the filing of the Complaint.

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides in relevant part that a state or local government or governmental organization subject to suit must be served by delivering a copy of the complaint to its chief executive officer or in a manner prescribed by the state law. Fed. R. Civ. P. 4(j)(2) (2008). Virginia Code § 8.01-300, Subdivision 3, states that in a case against a "public governmental entity created by the Commonwealth and subject to suit as an entity separate from the Commonwealth," process must be served on "the director, commissioner, chief administrative officer, attorney, or any member of the governing body of such entity." Va. Code Ann. § 8.01-300(3) (2008). Section 8.01-300 further provides that

---

[1] According to the Return of Service form provided to the court (Docket No. 11), a Jemath V. Fuell personally served a "Booker T. Washington" on October 2, 2008. No other information is discernable from the form. However, according to an affidavit by Mr. Fuell filed subsequent to the Return of Service (Docket No. 16), a woman who identified herself as the secretary for Ms. Wingfield stated to Mr. Fuell that she could accept service on Ms. Wingfield's behalf. The secretary then "made a copy of the lawsuit, accepted the original, and returned the copies to Mr. Fuell."

"[s]ervice under this section may be made by leaving a copy [of the Summons and Complaint] with the person in charge of the office of any officer designated in subdivisions 1 through 4." Id.

In the instant case, Al-Habasha has not served process in accordance with either Federal Rule of Civil Procedure 4(j)(2) or Virginia Code § 8.01-300. Copies of the Summons and Complaint have not been personally served either on the RCSB's "chief executive officer" (i.e., the Superintendent), Fed. R. Civ. P. 4(j)(2), or "on the director, commissioner, chief administrative officer, attorney, or any member of the governing body of [the RCSB]." Va. Code Ann. § 8.01-300(3). Personally serving an unnamed receptionist at the RCSB is insufficient to satisfy either statute, as there is no evidence to suggest that the receptionist in question was the "person in charge of the office" of "the director, commissioner, chief administrative officer, attorney, or any member of the governing body" of the RCSB. Va. Code Ann. § 8.01-300.

Furthermore, the court finds no "good cause" to extend the time for service beyond this point. See Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve process within 120 days after the complaint is filed], the court must extend the time for service for an appropriate period."). As of the date of this order, well over a year (445 days to be exact) has passed since Al-Habasha's filing of the Complaint. One hundred eighty five (185) days have elapsed since the court ordered Al-Habasha to serve the RCSB "forthwith," and twelve (12) days have passed since Al-Habasha's counsel assured the court that service of process would be effected in short order.[2] The court finds no cause—let alone "good cause"—to excuse these delays, and the court will grant no further extensions.

---

[2] At the December 1, 2008 hearing, Al-Habasha presented to the court, for the first time, the affidavit of Mr. Fuell. This affidavit came as a surprise to both the court and the RCSB, thus the court took the RCSB's third Motion to Dismiss under advisement and granted the RCSB an additional ten (10) days to respond to the affidavit. In the event that the RCSB's third Motion to Dismiss might be denied, the court also strongly recommended to Al-Habasha that

Accordingly, it is hereby

**ADJUDGED AND ORDERED**

that the RCSB's third Motion to Dismiss (Docket No. 12) is hereby **GRANTED** and the RCSB's second Motion to Dismiss (Docket No. 9) is **DENIED AS MOOT**. The Clerk of Court is directed to strike the case from the active docket and to send a copy of this Order to counsel of record for the parties.

ENTER: This 12th day of December, 2008.

Hon. James C. Turk
Senior United States District Judge

---

she serve the proper individual at the RCSB (i.e., the Superintendent) immediately. Al-Habasha's counsel assured the court that this service would be accomplished in short order. The RCSB filed its response on December 11, 2008, and there is presently no indication that Al-Habasha has effected service of process.

4