CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 02 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| AMINA AL-HABASHA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:07CV00460 |
| ) | |
| v. ) | **FINAL ORDER** |
| ) | |
| ROANOKE CITY SCHOOLS, ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |
| Defendant. ) | |

This matter is presently before the court on Plaintiff Al-Habasha's Motion For Relief From Judgment, (Docket No. 24), which was filed pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure and asks the Court to vacate its December 12, 2008 order that dismissed her complaint with prejudice.

Plaintiff Amina Al-Habasha initially brought this action seeking monetary damages and/or other unspecified relief for alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1984, and the Age Discrimination and Employment Act. Her original complaint was filed on September 24, 2007. Following numerous failures of the Plaintiff to properly serve Defendants, the Roanoke City School Board (hereafter "RCSB") filed a Third Motion to Dismiss, and the Court heard oral argument on the issue on December 1, 2008. Although the lack of proper service (as well as the manner of proper service) was discussed yet again on this date, this Court did not enter an order dismissing the case immediately. On December 11, with the Plaintiff still having failed to properly serve Defendants, RCSB filed a memorandum in support of its Third Motion to Dismiss. On December 12, the Court granted RCSB's Motion to Dismiss, with prejudice. Only after this order was entered did Plaintiff seek to properly serve defendant. Because the case had already been dismissed with prejudice, the Court quashed the

summons Plaintiff had caused to be issued to RCSB. Now, almost exactly one year after the order dismissing her case with prejudice was entered, Plaintiff requests that the Court vacate that order and permit plaintiff yet another opportunity to serve Defendants.

Federal Rule of Civil Procedure 60(b) grants federal courts the power to vacate judgments when necessary to accomplish justice. But "the remedy provided by the Rule...is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). These exceptional circumstances do not exist here. Although Al-Habasha now appears before the Court pro se, for a substantial period of time during the proceedings, she was represented by counsel.[1] In fact, at the December 1, 2008 hearing, which took place well over a year (433 days to be exact) since Al-Habasha's filing of the Complaint and one hundred seventy three (173) days since the court ordered Al-Habasha to serve the RCSB "forthwith," counsel for Al-Habasha assured the Court that service would be accomplished in short order. It was not. "Attorney negligence does not constitute 'excusable neglect' for the purposes of Rule 60(b)." Young v. Webb, 879 F.2d 863 (4th Cir. 1989) (table) (citing Universal Film Exchanges, Inc., v. Lust, 479 F.2d 573 (4th Cir. 1973)). Additionally, the Court cannot help but to conclude that the Defendants would be prejudiced by having to defend a suit now, almost two and a half years after the complaint was filed, and almost six years after the alleged discrimination occurred. "The court should in every case give some, though not controlling, consideration to the question whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of [the] judgment." Compton, 608 F.2d at 102.

---

[1] Counsel for Al-Habasha did not move to withdraw until the day that Al-Habasha filed the extensively researched and comprehensive Motion for Relief of Judgment at issue here. Although counsel has asserted that they were previously representing Plaintiff pro bono, this does not excuse otherwise inexcusable lapses – specifically failure to effectuate proper service.

2

The Court continues to believe that there was no cause—let alone "good cause"—to excuse the delays in service, and the Court will not vacate its judgment or grant further extensions which it believes are unwarranted.

Accordingly, it is hereby

**ADJUDGED AND ORDERED**

that Al-Habasha's Motion For Relief From Judgment (Docket No. 24) is **DENIED**. The Clerk of Court is directed to strike the case from the active docket and to send a copy of this Order to counsel of record for the parties.

ENTER: This 2nd day of February, 2010.

Hon. James C. Turk
Senior United States District Judge